IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **ROLANDO BANZAN LOPEZ,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 1:24-cv-01187-STA-tmp |
| ) | |
| **ALEXANDER DAVID CAMP, ET AL.,** ) | |
| Defendants. ) | |

**ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*, ASSESSING THE $350.00 FILING FEE IN ACCORDANCE WITH THE PLRA, DENYING MOTION FOR EXTENSION (ECF NO. 6), AND DIRECTING CLERK TO MAIL ORDER**

On August 28, 2024, Plaintiff Rolando Banzan Lopez, Federal Bureau of Prisons register number 36792-079, an inmate at the USP-McCreary in Pine Knot, Kentucky, filed a *pro se* civil complaint. (ECF No. 1.) On September 13, 2024, the case was transferred to the undersigned for all further proceedings. (ECF No. 3.) On October 4, 2024, the Court ordered Plaintiff to submit an application to proceed *in forma pauperis* or pay the civil filing fee within thirty days. (ECF No. 5.) On October 22, 2024, Plaintiff filed a motion for an extension of time to file an application to proceed *in forma pauperis*. (ECF No. 6.) On October 31, 2024, Plaintiff filed an application to proceed *in forma pauperis*. (ECF No. 7.)

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)-(b), requires a prisoner bringing a civil action to pay the filing fee required by § 1914(a).[1] Although the obligation to pay

---

[1] The civil filing fee is $350. § 1914(a). The Schedule of Fees requires an added administrative fee of $55 for filing any civil case. Local Fees | Western District of Tennessee | United States District Court (uscourts.gov) (last accessed Dec. 10, 2024). Because the Court is granting leave to proceed *in forma pauperis*, Plaintiff is not liable for the added $55 fee.

the fee accrues at the moment the case is filed, *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry,* 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments, *see* 28 U.S.C. § 1915(b)(2); *see also Bruce v. Samuels*, 577 U.S. 82, 84-85 (2016) (addressing payment of fees under 28 U.S.C. § 1915(b)(1)). To take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit containing a current certification by the prison trust account officer and a copy of Plaintiff's trust account statement for the last six months immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(1)-(2).

Because Plaintiff is indigent, his application to proceed *in forma pauperis* is **GRANTED** in accordance with the terms of the PLRA. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is **ORDERED** to cooperate fully with correctional officials in carrying out this Order.

The trust fund officer for the jail is **ORDERED** to calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to Plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of the Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the partial initial filing fee, the trust fund officer is instructed to withdraw all of the funds in the Plaintiff's account and forward them to the Clerk of the Court. On each occasion that funds are subsequently credited to Plaintiff's account, the trust fund officer shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial filing fee is paid in full.

It is further **ORDERED** that, after the partial initial filing fee is fully paid, the trust fund officer shall withdraw from Plaintiff's account and pay to the Clerk of this Court monthly

payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10, until the entire $350 filing fee is paid.

Each time the trust fund officer makes a payment to the Court as required by this order, the trust fund officer shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and submit it to the Clerk along with the payment. All payments and accounts statements shall be sent to:

> Clerk, United States District Court, Western District of Tennessee
> 167 North Main, Ste. 242
> Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number as included on the first page of this order.

If Plaintiff is transferred to a different facility or released, Plaintiff is **ORDERED** to notify the Court immediately, in writing, of a change of address. If still confined, Plaintiff shall provide the officials at the new facility with a copy of this order. If Plaintiff fails to abide by these or any other requirements of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

To ensure that the trust fund officer in charge of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees, the Clerk is **DIRECTED** to mail a copy of this Order to: (1) the official in charge of trust accounts at the jail, *and* (2) the jail administrator. Plaintiff's motion for extension of time (ECF No. 6) is **DENIED AS MOOT**.

IT IS SO ORDERED, this 10th day of December, 2024.

    s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE